46,473-18

Texas Court of Criminal Appeals
201 East 14th St.,
Austin Texas 787

Oct. 12th 2015

Re: Realtor's Petition For Writ of Mandamus
Cause # 1476283

Fr: District Court 232 Honorable Jude Keels

Harris County, Texas

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

Dear Clerk:

Please find enclosed (1) one Original Copy (true and correct) to be properly tender, and file w/ the Honorable Clerk of Court of Criminal Appeal in Austin Texas.

Please return letter / card of Confirmation regarding this Matter!

Your Courtesy herein is greatly Appreciated!

Sincerely,
Ronney Earl Williams Realtor
# 01051897

Cause No. # 1476283

Ronney Earl Williams
  Realtor

Texas Court of Criminal Appeals

Austin, Texas

Realtor's Petition For Writ of
Mandamus

To the Honorable Judge of Said Court;

Realtor Ronney Earl Williams respectfully submit His Petition for Writ of Mandamus and Order of The 232 District Court Harris County, Texas the Honorable Judge Keels presiding, denying issuance of Realtor's Pre Trial Writ of Habeas Corpus.

## I
## Parties

Realtor is charged by indictment in Cause 1476283 in the 232 District Court of Harris County Texas for the offense of Forgery of Texas Penal Code Section 32.21. Based upon recent decission of U.S. Supreme Court, Realtor failed a Pre Trial Writ of Habeas Corpus alleging ① Realtor's Constitutional Rights violated pursuant to 4th, 14th Amendment U.S.C Article 1 Section 9,10, Texas Constitution And Article 1.09; 1.01 and 38.23 Texas Code of Criminal Procedure?
② whether Realtor has a Right to Examining Trial, pursuant to Article 16.01; 39.01 Code Criminal Procedure?
③ whether Realtor has a Right to Reasonable Bail?

## II
## Jurisdiction

Pursuant to Section 22.221 of Government Code authorizes Courts of Appeal to issue Writ of Mandamus and other Writs necessary to enforce their jurisdiction issue Writ of Mandamus agreeable to principles of law regulating such Writs against a Judge of a District Court or County Court in the appellant procedure specifically gives the Court the authority to grant immediately temporary relief upon the filing of a petition for

Writ of Mandamus: T.R.A.P. Rule 52.10

## III
### Issues Presented

① Did Respondant violate his/her ministerial duty to issue Realtor's Pre-Trial writ of Habeas Corpus?

② Does Realtor have an adequate Remedy @ law?

## IV

### Relief Sought

Realtor's file this Petition for Writ of Mandamus after exhaustion of his remedies asking the Court to Order Judge Keel to issue Realtor's previously filed Writ of Habeas Corpus. Because Respondant has no discretion in the matter, he/she had a ministerial duty to issue the writ according to recognized Procedure and process.

## V
### Statement of Facts

This Petition for Writ of Mandamus results from Respondant's failure to perform her/his ministerial duty to grant issuance of Realtor's Pre-Trial writ of Habeas Corpus. Trial Court denial issuance of the writ w/out hearing evidence or argument in regards to appellant's/Realtor's Claims w/out expressing an opinion on the merits of those claims, is "a Miscarriage of Justice".

Realtor regrets the timing of this Writ coming so close to filing his Correspondance to compel trial Court and/or Clerk to issue writ of Habeas Corpus.

## VI
### Argument / Authorities

Standard of Review, An Appellant Court has authority to issue Writs of Mandamus / Habeas Corpus and all other writ necessary to enforce it's Jurisdiction Texas Gov't Code Ann § 22.221 (a) Jeffers

Thornton 670 SW 2d. 764 (Tx App Hous. 1st Dist 1984 no. Writ).

In State ex rel. Healey V ME Means, 884 SW 2d 772 (Cr. App 1994) the Court of Criminal Appeals held that an act is Ministerial when the law clearly spells out the duty to be performed w/ such certainty that nothing is left to the discretion or judgment. (See State ex rel. Healey @ 774).

Mandamus is the proper vehicle to review Respondant's action in this case. Realtor is entitled to Mandamus relief because Judge Keel failed to perform a Ministerial duty, and Realtor has no adequate remedy at law. See Walker V Packer 827 SW 2d 833 (1992) (original proceeding).

Respondant has a Ministerial duty to issue writ of Habeas Corpus; Realtor has a clear right to relief sought. In a Habeas Corpus proceeding there is a distinction between the issuance of a writ of Habeas Corpus and granting of relief on the claims set forth in an application for that writ. Ex Parte Hargett, 819 SW 2d 866. 869 (Cr App 1991). The writ is defined as an Order issued by a Judge of Competent Jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding her/him to produce such a person at a time and place named in the writ and show why he is held in custody or under restraint - T.C.C.P Art 11-01. This Court Jurisdictions over appeals of Pre-Trial Habeas Matters is limited to review of the trial Court's written Order ruling on the Merits of the application See Ex Parte Hargett 819 SW 2d 866, 868 ( Cr. App 1986).

It is beyond question Respondant had a duty to issue the writ. Texas district courts has Constitutional and Statutory authority to issue writs of Habeas Corpus. Texas Constitution Article V § 8; Texas Gov't Code Ann § 24.011; Texas Code of Criminal Procedure Art. 11.05. Ex Parte Hargett 819 SW 2d 866, 867( Cr. App. 1991. The Court provides that writ of Habeas Corpus is a "Writ of Right" Texas Constitution Art I § 12; Tx Code Criminal Proc. Ann Art 11.05. The writ shall be granted w/out delay by the judge or court receiving the petition, unless it be Manifest from the petition itself or some documents annexed to it that the party is entitled to no relief whatsoever. TCCP Ann Art 11.05.

when one entitled to a writ of Habeas Corpus make proper application for it to proper Court having Jurisdiction, said Application Conforming to all the statutory requirements and Probable cause being shown the writ of Habeas Corpus cannot be denied to the realtor, for it then becomes a Constitutional Right, neither can it be denied where the granting of it is made an imperative duty by statute. Cluck V State 118 Tex Crim 404, 407-408 39 SW 2d 39, 41 (1931). Realtor has complied w/the requirements for such petition. See T.C.C.P. Ann Art. 11.14 Judge Keel had a Mandatory duty to issue the Writ of Habeas Corpus returnable in Harris County to let the Writ be served upon the Sheriff of Harris County and to timely to hear the Merits of Realtor's Complaints. See TCCP Ann Art 11.05, 11.08, 11.10, 11.11, 11.23, 11.31, 11.40

## VII

### Realtor Has No Adequate Remedy @ Law

It is well settled that a trial Court violate a Ministerial duty when It denies issuance a Writ of Habeas Corpus In re JCL No 10-11-00447-CV ( Tex App - Ft. Worth Feb 15 2018 ) trial Could has a Ministerial duty to Consider and rule on Realtor's Habeas Corpus proceeding/application (unpublished) .-

In re Solis No 04-04-00050-CV 2004 WL 1336266 (2004-6/16/2004) held defendant was entitled to Writ of Mandamus Ordering trial Court to Considered and rule on his Habeas Corpus Application..

Realtor re inerate there is no right to appeal from the refusal to issue a Writ of Habeas Corpus when trial Court did not Consider and resolve the Merits of the application. Ex Parte Ainsworth 27 Tex 731, 732, 33 (Tex 1865) Ex Parte MCullough 966 SW 2d 529, 531 (Cr. App 1998) Purchase V State 176 SW 3d 406, 407 (Tx-App Houston 1st Dist 2004) Several Other cases citing held that if trial Court reaches Merits of Habeas Corpus application, its rulings is appealable even if trial Court refused to issue Writ. See Riesenthal V Poe 98 SW 3d 194, 199 (Cr. App 2003)

## VIII

### Mandamus Is Appropriate

Realtor presented his Pre-Trial Writ of Habeas Corpus to the District Clerk

Pg 4/5

office of Harris County to properly tender and file in 232 District Court on or about August 2015. Respondent had a ministerial to issue writ of Habeas Corpus which s/he did not do. Realtor has no ability to appeal (at this stage) Respondent's decision.

The Court should therefore grant Realtor's Writ of Mandamus and Order Respondent to issue Realtor's Pre-Trial Writ of Habeas Corpus and make a ruling on the Merits See Von Kolb v Koehler 609 Sw 2d 654, 655-56 (1980).

Wherefore, Premises, Considered, Realtor Pray the Court Grants the Relief Sought herein and any or relief deem appropriate!

Sign on Oct, 12th 2015.

Respectfully Submitted

/S/ Ronney Earl Williams

I Ronney Earl Williams declare that the above aforesaid statement is true and correct under the penalty of perjury. 28 USC § 1746

Executed on Oct, 12th 2015.

/S/ Ronney Earl Williams

Pg 5/5